O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SCOTT ADAMS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA AND SUPERIOR COURT OF RIVERSIDE CA.,<br><br>　　　　Respondent. | NO. EDCV 13-1815-TJH (MAN)<br><br>ORDER:  DISMISSING PETITION WITH PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

　　　　On October 4, 2013, Petitioner, a California prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition").  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it plainly appears that the claim raised in the Petition is not cognizable and could not state any basis for federal habeas relief even if amendment were allowed.  Moreover, the Petition is unexhausted  Therefore, the Petition must be dismissed.

///

///

## BACKGROUND

Petitioner was convicted and sentenced in April 1993. He is serving a sentence of 15 years to life. (Petition at 2.)

The instant Petition is Petitioner's second Section 2254 petition filed in this Court. His prior Section 2254 petition was filed in March 2012, in Case No. EDCV 12-00338-TJH (MAN), and sought to challenge a state parole board decision that found Petitioner to be unsuitable for parole. On March 20, 2012, the prior petition was denied and dismissed with prejudice. On December 20, 2012, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability (Case No. 12-55711).[1]

## PETITIONER'S HABEAS CLAIM

Although couched as raising two separate grounds for relief, the Petition raises a single claim challenging the restitution order to which Petitioner is subject. Petitioner complains that, when the trial court imposed a restitution amount of $10,000.00 at the time Petitioner was sentenced in 1993, the trial court failed to take into consideration Petitioner's ability to pay the ordered restitution, including his indigency. Petitioner asks the Court to vacate or reduce the $10,000.00 restitution amount. (Petition at 3-4.)

## DISCUSSION

The Petition suffers from obvious procedural flaws. Pursuant to Rule 2(d) of the Rules

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its own records and files, as well as of the electronically available dockets of the: Ninth Circuit available pursuant to the PACER system; and the California Court of Appeal and California Supreme Court available at http://appellatecases.courtinfo.ca.gov.

Governing Section 2254 Cases in the United States District Courts, a state habeas petitioner seeking federal habeas relief must present a habeas petition that "substantially follow[s]" the form of petition accompanying the Section 2254 Rules or the form of petition prescribed by a local rule of the pertinent District Court. Local Rule 83-16.1 requires state prisoners seeking federal habeas relief in the Central District of California to utilize the habeas petition form approved and supplied by this District Court, which is Form CV-69. Petitioner did not utilize Form CV-69 and, thus, did not comply with Rule 2(d) and Local Rule 83-16.1. In addition, in violation of Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition does not name an appropriate Respondent. Pursuant to Rule 2(a), Petitioner was required to name as Respondent the state officer who has custody of him, i.e., the Warden of his present institution.

These procedural defects could be corrected if Petitioner were afforded leave to amend. However, there are readily-apparent and non-rectifiable defects that require the dismissal of this action, and thus, granting leave to amend would be futile and inappropriate.

The Petition plainly is unexhausted. Petitioner alleges that he sought habeas relief in the trial court; in addition, he has appended to the Petition a copy of a September 19, 2013 Order of the California Court of Appeal (Case No. E059535) denying a habeas petition filed by Petitioner. (Petition at 6 and attachments.) However, Petitioner does not allege that he has sought habeas relief in the California Supreme Court with respect to his present claim and has received a ruling from the state high court on his claim. A review of the California Supreme Court's dockets shows that Petitioner has not filed anything in the state high court since a 2011 habeas petition, which was denied in 2012 (Case No. S194458).[2] Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102

---

[2] Petitioner alleges that the last time he sought habeas relief in the California Supreme Court was in Case No. S194458, in connection with the parole denial claim he raised in his first Section 2254 habeas petition. (Petition at 5.)

S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005). Petitioner's state judicial remedies are not exhausted, because the California Supreme Court was not afforded a chance to rule on Petitioner's present challenge to his restitution order before Petitioner sought federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed.[3] Rose, 455 U.S. at 522, 102 S. Ct. at 1205.

A dismissal for lack of exhaustion normally would be without prejudice. However, there is an additional reason why the Petition must be dismissed, which mandates that the dismissal be with prejudice. The claim alleged in the Petition is not cognizable in federal habeas review, because as the Ninth Circuit has made clear, the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. In Bailey v. Hill, 566 F.3d 976 (9th Cir. 2010), the petitioner pleaded guilty and was ordered to pay restitution. He filed a Section 2254 petition in which he alleged that his counsel provided ineffective assistance by not objecting to the restitution order imposed upon him. The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet Section 2254's "in custody" requirement for jurisdiction. Id. at 977. The Ninth Circuit concluded that Section 2254 "does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence," such as a restitution order. Id. at 982; see also id. at 984 ("we hold that § 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order").

The claim alleged in the Petition challenges the propriety of the restitution order imposed by the trial court in 1993. The Ninth Circuit has made clear that this Court lacks jurisdiction to consider Petitioner's challenge to that restitution order. Bailey, 599 F.3d at 984 ("courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a

---

[3] As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues exhaustion. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

restitution order"). Accordingly, the Petition is not cognizable and must be dismissed.[4]

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed, with prejudice, pursuant to Rule 4; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: October 9, 2013

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[4] Although the Court does not rule on the timeliness of the Petition, it notes that the Petition appears to be grossly untimely, given that the restitution order challenged by Petitioner was imposed over 20 years ago.